**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JIMMIE CORLEY, JEFFREY MILES, JAMIE WHITE, PATRICIA TATE, JOHN JONES, FOREST MARTIN, GAYE HEARD AND OTHERS SIMILARLY SITUATED**

**Plaintiffs**

**Versus**

**ADAM KRAUSE, WILLIAM HUYE, GALINDO LAW TRIAL ATTORNEYS, KRAUSE AND KINSMAN TRIAL LAWYERS, LLP AND ALLIED WORLD INSURANCE COMPANY**

**Defendants**

**SECTION:**

**JUDGE:**

**MAGISTRATE**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# COMPLAINT AND REQUEST FOR CLASS ACTION STATUS

NOW INTO COURT, through undersigned counsel, come Plaintiffs, individually and on behalf of any and all others similarly situated, who make the following allegations.[1]:

## I. PARTIES

1.

Made "Plaintiffs" and proposed Class Representatives herein are:

A. **JIMMIE CORLEY.** Jimmie Corley is a person of full age of majority and a resident of the state of Louisiana.

B. **JEFFREY MILES.** Jeffrey Miles is a person of full age of majority and a resident of the state of Louisiana.

[1] Any reference in this Petition to "Plaintiffs" refers to the named Plaintiffs-Class Representatives, and any and all Putative Class Members.

C. **JAMIE WHITE.** Jamie White is a person of full age of majority and a resident of the state of Louisiana.

D. **PATRICIA TATE.** Patricia Tate is a person of full age of majority and a resident of the state of Louisiana.

E. **JOHN JONES.** John Jones is a person of full age of majority and a resident of the state of Louisiana.

F. **FOREST MARTIN.** Forest Martin is a person of full age of majority and a resident of the state of Louisiana.

G. **GAYLE HEARD.** Gayle Heard is a person of full age of majority and a resident of the state of Louisiana.

2.

Made "Defendants" herein are:

A. Adam Krause (hereinafter "Krause"). Upon information and belief, Adam Krause is a person of full age of majority and a resident of Puerto Rico.

B. William Huye (hereinafter "Huye"). Upon information and belief, William Huye is a person of full age of majority and a resident of the state of Texas.

C. Galindo Law Trial Attorneys (a/k/a Galindo Law; Cristobal M. Galindo, P.C.) (hereinafter "Galindo Law") Upon information and belief, Galindo Law Trial Attorneys is a Texas professional corporation with its principal place of business in Houston, Texas. Defendant can be served via its registered agent Cristobal M. Galindo at 3801 Barnett Street, Houston, Texas 77017.

D. Krause and Kinsman Trial Lawyers, LLP (a/k/a Krause and Kinsman, DC LLP; Krause and Kinsman Law LLC; d/b/a Krause & Kinsman Law Firm) (hereinafter "KKTL"). Upon

information and belief, Krause and Kinsman Trial Lawyers, LLP is a Washington D.C. limited liability partnership, with its principal place of business located in the State of Missouri and its principal office address located in the state of New York. Defendant can be served via its registered agent, Washington DC Registered Agent, at 1717 N. Street NW, Suite 1, Washington, DC 20036.

E. Allied World Insurance Company. Upon information and belief, Allied World Insurance Company is a New Hampshire insurance corporation with its principal place of business in New York. Defendant can be served via its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701.

## II. JURISDICTION AND VENUE

A. Jurisdiction

3.

Pursuant to Title 28, United States Code, Section 1332(d)(2), this Court has jurisdiction over this matter. Under Title 28, United States Code, Section 1332(d)(2), complete diversity is not required and the matter in controversy must exceed the sum or value of $5,000,000, exclusive of interests or costs. This matter is being filed as a class action, at least one member of a class of Plaintiffs is a citizen of a State different from at least one Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

4.

Pursuant to Title 28, United States Code, Section 1332(a)(1), (b), this Court has subject matter jurisdiction over all claims alleged herein as, upon information and belief, there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000.000, exclusive of interests and costs.

B. Venue

5.

Pursuant to Title 28, United States Code, Section 1391(2), venue is proper in the Eastern District of Louisiana as a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

6.

Pursuant to Title 18, United States Code, Section 1965, venue is also proper in the Eastern District as Defendants transacted their affairs within this District.

## III. STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION AND PLAINTIFFS/CLASS MEMBERS

7.

On or about August 27, 2020, Hurricane Laura swept through Southwest Louisiana as the strongest hurricane to affect Southwest Louisiana in recorded history.

8.

The mandatory evacuation issued by State government officials on August 24, 2020 in anticipation of Hurricane Laura remained in place for more than two months, leaving homes and businesses that were severely damaged by Hurricane Laura neglected and exposed to unrelenting heat and humidity for months.

9.

A little over a month later, on or about October 9, 2020, Hurricane Delta made landfall in Southwest Louisiana. In the end, Hurricane Delta was equally catastrophic, particularly in the areas that had just been ravaged by Hurricane Laura only 43 days before, ultimately significantly exacerbating the extensive and catastrophic physical damage that had already been caused by Hurricane Laura.

10.

On October 28, 2020, Hurricane Zeta made landfall as a Category 3 storm, causing catastrophic damage.

11.

On August 29, 2021, Hurricane Ida made landfall in Louisiana and was declared a major disaster in Louisiana by President Joe Biden the same day.

12.

These four storms left many Louisiana communities devastated and caused billions of dollars of property damage. This destruction caused thousands of homeowners to lose their homes or incur significant expenses to repair their homes.

13.

At all relevant times, Class Members owned property which suffered damage from at least one of these hurricanes (Laura, Delta, Zeta and/or Ida).

14.

Class Members had entered into a contract with an insurance company that was in effect at all relevant times. The policies provided insurance coverage for property damage caused by at least one hurricane (Laura, Delta, Zeta, and/or Ida).

15.

Class Members had valid claims for loss that needed to be presented to their insurance providers.

16.

Out of this devastation, William Huye, the Louisiana managing partner of McClenny Moseley & Associates (or "MMA"), Adam Krause, and Galindo Law Trial Attorneys, (collectively "Defendants"[2]), allegedly saw opportunity.

17.

Defendants contracted with thousands of homeowners ostensibly to represent them in connection with their respective insurance claims.

18.

Defendants essentially set up a scheme in an attempt to quickly settle thousands of cases and collect an exorbitant fee which they would all share.

19.

Upon information and belief, the scheme was set up in the following way: Adam Krause was responsible for bringing in an infrastructure as well as processes and procedures to teach William Huye and MMA how to operate on a large scale. Galindo Law was responsible for client intake, vetting the cases, obtaining the class member's insurance information, and client outreach. William Huye would then theoretically file all of the cases and perform the legal work.

20.

To begin this scheme, Defendants engaged in wide-ranging advertising and solicitation designed to profit themselves, without any regard to the effect this would have on the unsuspecting Class Members.

[2] "Defendants" in this section refer only to William Huye, Adam Krause, and Galindo Law Trial Attorneys. Allied World Insurance Company issued a Lawyers professional Liability Insurance Policy to MMA and, upon present information and belief, was not involved in the venture that existed between William Huye, Adam Krause, and Galindo Law Trial Attorneys.

21.

One marketing company used by Defendants was Velawcity. Upon information and belief, Velawcity was used by MMA, KKTL, Krause, and Huye in a scheme to use Velawcity "to directly solicit prospective clients and to obtain written contingency-fee contracts from those persons[.]"[3]

22.

While MMA and Huye have been under scrutiny for the Velawcity scheme, KKTL and Krause were also involved. Interestingly, at least two shareholders of KKTL owned Velawcity and received the fees owed to Velwacity for marketing. Additionally, KKTL was also listed as legal counsel for the contingency contracts with the class members and was set up to receive attorney's fees.

23.

After the hurricanes hit Louisiana and the marketing campaigns were disseminated, contracts were created between Class Members and the law firms of Defendants ("The Contracts").

24.

These Contracts show that Defendants entered into a "joint venture" to operate the scheme.

25.

In each of the Contracts, Defendants agreed to provide legal representation for any and all claims against Class Members' insurance providers for property damage as a result of at least one hurricane (Laura, Delta, Zeta, and/or Ida).

26.

All Defendants promised to provide joint legal representation, according to the Contracts.

---

[3] *See Franatovich v. Allied Tr. Ins. Co.*, No. CV 22-2552, 2023 WL 7005861, at *12 (E.D. La. Mar. 16, 2023)

27.

Defendants retained and utilized various "estimating agencies" for the purpose of inspecting Class Members' property and grossly and blatantly inflating the estimates. These obviously inflated estimates were then sent to Class Members' insurance companies.

28.

Despite the inflated estimates, all Class Members had a valid claim against their insurance providers to recover compensation for the damage to their property caused by either Hurricane Laura, Delta, Zeta, and/or Ida.

29.

In the Western District of Louisiana, William Huye filed more than 1600 lawsuits in the two to three days prior to the prescriptive deadline for Hurricane Laura.

30.

These filings concerned Judge James Cain who then ordered a hearing with MMA lawyers to go over MMA's activities in the Western District.

31.

During the hearing, various misdeeds were discussed such as: MMA using a "call center" to handle all communication with clients, MMA's proposal to "mass mediate" dozens of claims, MMA's filing of duplicate lawsuits on behalf of the same property owners, MMA's filing lawsuits naming incorrect insurance carriers, and charging a 40% contingency fee for the above mentioned "work."

32.

As the Louisiana managing partner, William Huye was responsible for the above listed misdeeds.

33.

Judge Cain then issued an indefinite stay for all cases in the Western District which Huye filed.

34.

At a hearing on December 12, 2022, more misdeeds were uncovered. These included: MMA filing lawsuits in the Western District for individuals who were represented by other attorneys and/or had already settled their claims, MMA filing a case after they had been expressly discharged by the client, MMA filing suits in parishes that were not affected by the respective storm for which they were filing.

35.

As the Louisiana managing partner, William Huye was responsible for the above listed misdeeds.

36.

In January 2023, Huye's misdeeds came to light in the Eastern District at a hearing in front of Magistrate Judge Michael North.

37.

Judge North described Huye and MMA's conduct as "a brazen, multi-faceted campaign to enrich themselves with ill-gotten contingency fees."[4]

38.

Additionally, Judge North listed further misconduct committed by Huye and MMA: "they have filed cases in multiple districts on behalf of insured they <u>did</u> represent in which they sued the wrong insurance company; they have paid millions of dollars to an advertising firm to act as their

[4] *See Franatovich*, 2023 WL 7005861, at *1.

agent to 'deliver' pre-screened clients and signed contingency-fee agreements to their firm at a rate of $3,500 per contract; they have failed to disclose known conflicts to potential clients; and they have lied to the judge in open court."[5]

39.

On March 3, 2023, Huye was temporarily suspended from practicing law in the state of Louisiana. On March 4, 2023, MMA and its attorneys were suspended from practicing in the Western District for 90 days.

40.

After these suspensions, the Louisiana Eastern and Middle District issued stay orders for all pending MMA claims.

41.

In April of 2023, MMA, via William Huye, was ordered to inform all individuals with whom it had a contract to provide legal representation, that the Louisiana attorneys associated with McClenny Moseley & Associates were no longer able to practice law in Louisiana.

42.

William Huye committed numerous substantive and procedural errors that caused Class Members' cases to be dismissed, unfiled, and/or prejudiced.

43.

Adam Krause and Galindo Law failed to provide any meaningful legal work on any of the Class Members' cases.

[5] *Id.* (emphasis in the original).

44.

Moreover, upon information and belief, KKTL, Krause and Galindo Law failed to correct legal errors committed by William Huye and failed to provide any meaningful legal work for Class Members from the execution of the Contracts to the present date, despite being a party to the contract receiving a significant portion of the attorney's fees. Significantly, the conduct and omissions of Defendants, KKTL, Adam Krause and Galindo Law, led to procedural and substantive errors that prejudiced the class members respective recoveries after McClenny Moseley & Associates, and Huye, were ordered to terminate representation.

45.

On August 29, 2024, Gayle Heard, Jamie White, and Forest Martin filed suit against Krause and Kinsman Trial Lawyers, LLP.[6] This case is pending in Division J-15 of the Civil District Court for the Parish of Orleans; Case No. 2024-08026. All Defendants named herein are joint tortfeasors and/or solidary obligors with Krause and Kinsman Trial lawyers, LLP.

## IV. CAUSES OF ACTION

### A. COUNT ONE – LEGAL MALPRACTICE

(All Class Members Against All Defendants for Legal Malpractice)

46.

Plainly set forth herein, Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 45 above.

47.

At all relevant times, there existed an attorney-client relationship between Class Members and William Huye, Adam Krause and Galindo Law.

[6] Originally named "Krause and Kinsman Trial Lawyers, LLC."

48.

William Huye, Adam Krause and Galindo Law breached their duty to all Class Members.

49.

Specifically, William Huye committed numerous procedural and substantive errors and failed to correct any of the errors within the prescriptive period, allowing Class Members' rights to recover from their insurance providers for property damage caused by Hurricanes Laura, Delta and Ida to be forever lost.

50.

Despite being contracted to receive substantial portions of the attorney's fees, Adam Krause failed to communicate with any of the Class Members and/or their insurance providers.

51.

As the owner and managing partner of KKTL, Adam Krause is responsible for all breaches and misdeeds committed by KKTL. Moreover, Adam Krause has reported that he was the attorney responsible for the work to be performed in accordance with the relevant Contracts.

52.

Moreover, Krause committed individual acts of negligence that are outside the scope of the limited liability partnership of KKT. Specifically, Krause's role in this scheme was to set up infrastructure that would put into place quality control measures to handle large volumes of work. This is not professional legal services.

53.

Adam Krause is not barred in the state of Louisiana.

54.

Krause and Galindo Law failed to provide legal representation to ensure protection of plaintiffs' respective rights under their insurance policies including, but not limited to, institution of a proper claim for insurance benefits and/or timely filing a lawsuit, correcting any other procedural or substantive errors made by William Huye and, ultimately, causing these cases to be dismissed, unfiled, and/or prejudiced. Specifically, from the date the contract was executed through to the present date, including before or after April of 2023 when McClenny Moseley & Associates was ordered to terminate representation, Krause and Galindo Law failed to perform any legal work on behalf of Class Members, despite their fiduciary duties.

55.

Upon information and belief, Adam Krause as the owner of Krause and Kinsman Trial Lawyers, LLP received financial gain form Velwacity, a marketing company used to solicit Class Members.

**B. COUNT TWO – BREACH OF CONTRACT**

(All Class Members Against Adam Krause and KKTL for Breach of Contract)

56.

Plainly set forth herein, Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 55 above. The following allegations apply only to Adam Krause and Krause and Kinsman Trial Lawyers, LLP.

57.

Adam Krause can be named as an individual defendant outside the legal entity of KKTL as he, upon information and belief, set up and ran KKTL as his "alter ego" so to speak and KKTL is indistinguishable from Krause.

58.

At all relevant times, KKTL was a party to the respective Contracts executed, in part, within this judicial district.

59.

As the owner and managing partner of KKTL, Krause was also a party to the Contract.

60.

Krause is individually responsible for all of KKTL's breaches set forth herein as he directed all such conduct.

61.

According to the Contracts, KKTL was listed as co-counsel and was to receive and share a substantial portion of the attorney's fees.

62.

Upon information and belief, Krause and KKTL never intended to provide legal representation to the Putative Class Members.

63.

Upon information and belief, Krause and KKTL's role in the scheme was technology and case management software setup, review of processes, procedures, and reporting for use by MMA and any referring attorneys.

64.

Moreover, Krause committed individual acts of negligence that are outside the scope of the limited liability partnership of KKTL and/or the legal services Contract at issue in this matter. Specifically, Krause's role in this scheme was to set up infrastructure that would put into place quality control measures to handle large volumes of work. This is not professional legal services.

65.

Krause and KKTL had read-only access to these systems.

66.

The case management software Krause and KKTL ostensibly setup was not capable of handling the large volume of cases the members of the scheme set their sights on and allowed for numerous procedural and substantive errors to be made.

67.

Krause and KKTL never spoke with any of the Class Members, and never intended to do so.

68.

Krause and KKTL never spoke with any of the Class Members' insurance providers, and never intended to do so.

69.

Krause and KKTL never filed any pleadings or motions on behalf of the Class Members, and never intended to do so.

70.

Despite being listed as co-counsel and contracting with thousands of storm victims to provide legal services, Krause and KKTL never intended to perform this work and never did perform the work required by the Contracts.

## V. DAMAGES

71.

Plainly set forth herein, Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 70 above.

72.

As a result of the actions and/or inactions of Defendants, Plaintiffs request the following:

A. Any and all damages permitted, described, and contemplated by any and all applicable Louisiana State Statutes.

B. Any and all damages Class Members can prove they would have received from their insurance providers, but for Defendants' actions and/or inactions including statutory penalties.

## VI. JURY DEMAND

73.

Trial by jury is requested on all issues triable by a jury.

## VII. REQUEST FOR CLASS ACTION

74.

**JIMMIE CORLEY, JEFFREY MILES, JAMIE WHITE, PATRICIA TATE, JOHN JONES, FOREST MARTIN AND GAYLE HEARD** are representatives of the Class defined as follows:

> All "persons" who entered into a legal services contract with Defendants such that Defendants agreed to provide legal representation to class members for their respective first-party insurance claims arising out of hurricanes Laura, Delta, Zeta, and/or Ida; and for these class members, Defendants breached their contractual and/or legal obligations to provide significant, competent, and/or meaningful legal services, including but, not limited to, the following: (1) ensuring a valid claim was made against class members' respective insurers and/or a timely lawsuit was filed

against the individual's insurance provider; (2) over-delegating its responsibilities to co-counsel resulting in various procedural and substantive errors being made; (3) and/or otherwise failing to fulfill any of its contractual and legal duties to respective clients to ensure protection/preservation of its clients legal rights resulting in all class members suffering cognizable and definite harm.

75.

Plaintiffs reserve the right to amend this class definition upon further information and/or discovery.

76.

**JIMMIE CORLEY** is representative of this Class based on the following: A Contract was created between Mr. Corley, MMA, Galindo Law and KKTL where Galindo Law would receive 50% of the attorney's fees, MMA would receive 37.5% and KKTL would receive 12.5% of the fee. William Huye did not file a timely lawsuit, nor did Adam Krause, KKTL or Galindo Law perform meaningful legal services as required by the Contract.

77.

**JEFFREY MILES** is representative of this Class based on the following: A Contract was created between Mr. Miles, MMA, Galindo Law and KKTL where Galindo Law would receive 50% of the attorney's fees, MMA would receive 37.5% and KKTL would receive 12.5% of the fee. William Huye did not file a timely lawsuit, nor did Adam Krause, KKTL or Galindo Law perform meaningful legal services as required by the Contract.

78.

**JAMIE WHITE** is representative of this Class based on the following: A Contract was created between Mr. White, MMA, Galindo Law and KKTL where Galindo Law would receive 50% of the attorney's fees, MMA would receive 37.5% and KKTL would receive 12.5% of the

fee. William Huye did not file a timely lawsuit, nor did Adam Krause, KKTL or Galindo Law perform meaningful legal services as required by the Contract.

79.

**PATRICIA TATE** is representative of this Class based on the following: A Contract was created between Ms. Tate, MMA, and KKTL where KKTL and MMA would both receive 50% of the attorney's fees. William Huye filed a lawsuit against the wrong insurance company despite having access to Ms. Tate's policy information pre filing. Adam Krause and KKTL failed to perform meaningful legal services as required by the Contract.

80.

**JOHN JONES** is representative of this Class based on the following: A Contract was created between Mr. Jones, MMA, and KKTL where KKTL would receive 75% of the attorney's fees and MMA would receive 25%. MMA filed a lawsuit in a Louisiana Federal District Court, which lacked jurisdiction to hear the case. Adam Krause and KKTL failed to perform meaningful legal services as required by the Contract.

81.

**FOREST MARTIN** is representative of this Class based on the following: A Contract was created between Mr. Martin, MMA, and KKTL where KKTL would receive 75% of the attorney's fees and MMA would receive 25%. William Huye did not file a timely lawsuit, nor did Adam Krause or KKTL perform meaningful legal services as required by the Contract.

82.

**GAYLE HEARD** is representative of this Class based on the following: A Contract was created between Mr. Heard, MMA, and Defendant where Defendant would receive 25% of the attorney's fees. MMA failed to file a lawsuit on Mr. Heard's behalf. In April of 2023, Huye sent

Mr. Heard a letter informing him that he and MMA were no longer permitted to practice law in Louisiana. At no point did Huye file a lawsuit on Mr. Heard's behalf, despite a $164,229.08 discrepancy between an adjuster hired by Huye and MMA and State Farm's adjuster, nor did Adam Krause or KKTL perform meaningful legal services as required by the Contract.

83.

This action is appropriate for determination through Louisiana Code of Civil Procedure arts 591, et seq., for the following reasons:

A. A large number of potential claimants present a level of numerosity better adjudicated through class action procedure as opposed to a mass joinder of individual claims;

B. There are questions of law and/or fact common to the classes including:

   i. All Class Members:

      1. Whether Defendants entered into a contract with Class Members;

      2. Whether Defendants breached its contractual and/or legal duties to Class Members by virtue of its joint venture with its co-counsel;

      3. Whether Defendants caused Class Members' claims to be prejudiced and/or prescribed by its failure to provide legal services as contemplated by its respective contracts with Class Members.

C. The claims of the representative parties are typical of the claims of the classes;

D. The representative parties will fairly and adequately protect the interests of the class;

E. The class may be defined objectively.

F. The common issues of law and fact pertaining to the determination of fault and the liability for damages predominate over any individual issues of quantum, especially as this matter can be bifurcated as to liability and damages determinations;

G. The Class Members are represented by skilled attorneys who are experienced in handling similar cases and who understand they may be expected to handle this action in an expeditious and economical manner to the best interests of all the Class members.

84.

The Class shall consist of all "persons" who have a signed contract with MMA, Krause and Kinsman Trial Lawyers, LLP, and Galindo Law who can no longer bring a cause of action against their insurer for damage to their property caused by Hurricanes Laura, Delta, Zeta, and Ida, as a result of failures, acts, and/or omissions of Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs respectfully request that upon final trial of this cause, the Court enter a judgment against Defendants as follows:

A. Upon the First Claim for Relief, all damages resulting from Defendants breach of contract, including prejudgment interest, costs, expenses, and attorneys' fees;

B. Upon the Second Claim for Relief, all damages resulting from Defendants' legal malpractice, including prejudgment interest, costs, expenses, and attorneys' fees.

**RESPECTFULLY SUBMITTED:**

*/s/ Ravi K. Sangisetty*
RAVI SANGISETTY (#30709)
WILLIAM BOYLES (#31632)
AMANDA OLMSTED (#40002)
BROOKE LONG (#35665)

3914 Canal Street
New Orleans, LA 70119
Telephone: (504) 662-1016
Facsimile: (504) 662-1318
E-mail: rks@sangisettylaw.com
william@sangisettylaw.com
amanda@sangisettylaw.com
**COUNSEL FOR PLAINTIFFS**