**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JIMMIE CORLEY ET AL**                                      **CIVIL ACTION**

**v.**                                                       **NO: 25-1969**

**ADAM KRAUSE ET AL**                                        **SECTION: C (1)**

**ORDER AND REASONS**

Before the court is a <u>Motion to Stay or Dismiss Without Prejudice</u> filed by plaintiffs, Jimmie Corley, Jeffrey Miles, Jamie White, Patricia Tate, John Jones, Forest Martin, and Gaye Heard, on March 17, 2026 (R. Doc. 21). Defendant, Krause and Kinsman Trial Lawyers, LLP, opposes the motion (R. Doc. 24). The motion to dismiss is GRANTED.

BACKGROUND

On September 22, 2025, plaintiffs sued Adam Krause, William Huye, Galindo Law Trial Attorneys, Krause and Kinsman Trial Lawyers, LLP, and Allied World Insurance Company, seeking damages for breach of contract and legal malpractice in connection with the handling of hurricane insurance claims (R. Doc. 1).[1] Through the subject motion, plaintiffs now advise that this lawsuit was filed as a duplicate to a state court suit filed in Civil District Court, Orleans Parish, on August 29, 2025.

---

[1] Plaintiffs have since consented to the dismissal of William Huye and Allied World Insurance Company (R. Doc. 28).

Plaintiffs prefer to proceed in state court, pointing out that that court obtained jurisdiction first and is adequate to protect the rights of the parties. Plaintiffs desire to dismiss their federal court suit without prejudice.

ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) governs a motion to dismiss without prejudice and provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Because there are no counterclaims, this action may be dismissed on terms the court considers proper.

Generally, voluntary dismissals should be freely granted unless the non-moving party will suffer some plain legal prejudice other than just the prospect of a second lawsuit. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). In analyzing the motion, the court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. *Id*. If not, and absent evidence of abuse by the movant, the court should grant the motion. *Id*.  Here, dismissal will require litigation of the claims in state court. The fact that plaintiff may gain a tactical advantage or defendant may lose a preferred forum is insufficient

to establish legal prejudice. *See Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990); *Templeton v. Nedlloyd Lines,* 901 F.2d 1273, 1275-76 (5th Cir. 1990).

Also relevant is when plaintiff filed the Rule 41(a)(2) motion. In *Hartford Accident Indemnity Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990), the Fifth Circuit affirmed a dismissal where suit was still in the pretrial stages. *Templeton*, 901 F.2d at 1275-1276. The subject lawsuit is in the pretrial stage. There is no scheduling order, no trial date, no discovery conducted, no deposition taken, and no hearing that has occurred. The pending motions to dismiss have not been ruled on. The parties can assert defenses and litigate the claims before the state court. Krause has failed to show it will suffer clear legal prejudice by a dismissal without prejudice.

## CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's motion and hereby DISMISSES this case without prejudice.

New Orleans, Louisiana this __27th__ day of May 2026.

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE

3